935 F.2d 280
 21 U.S.P.Q.2d 1465
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
C.R. BARD, INC., Plaintiff-Appellee,
v.
The KENDALL COMPANY, Defendant-Appellant.
 No. 90-1444.
 United States Court of Appeals, Federal Circuit.
 May 17, 1991.
 
 Before NIES, Chief Judge, and RICH and MAYER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Kendall appeals from the two July 13, 1990 partial summary judgments of the United States District Court for the Central District of California, Civil Action No. 88-3236-TJH, granting Bard's motions for (1) partial summary judgment that claims 1, 5 and 7 of Bard's United States Patent No. 4,194,509, titled "Preconnected Catheter Drainage System," are not invalid, and (2) partial summary judgment that claims 1, 5 and 7 were infringed under the doctrine of equivalents. We vacate the grant of partial summary judgment as to infringement and remand the case for further proceedings on that issue; we affirm the grant of partial summary judgment as to validity.
 
 OPINION
 
 2
 The question before us is whether the district court erred in concluding, as to either motion, that there is no genuine issue as to any material fact and that Bard was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing the district court's grant of summary judgment, we are not bound by its holding that no material facts are in dispute. Instead, we must make an independent determination as to whether the standards for summary judgment have been met. C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc., 911 F.2d 670, 673, 15 USPQ2d 1540, 1542-43 (Fed.Cir.1990). Having done so, we cannot agree with the district court's conclusion that no genuine issues of material fact exist as to Graver Tank[1] equivalency and prosecution history estoppel, and that Bard was entitled to judgment of infringement as a matter of law.
 
 
 3
 As to prosecution history estoppel, the district court in its "Conclusion of Law" 25 stated that the limitation "heat" modifying "shrink" was not added to the claims to distinguish over prior art, and thus had "little effect" with respect to the range of equivalents to be afforded to Bard's systems. We first note that the reason a particular claim limitation is added during prosecution is a question of fact, not law. See Mannesmann Demag Corp. v. Engineered Metal Prods. Co., 793 F.2d 1279, 1285, 230 USPQ 45, 48 (Fed.Cir.1986) ("The reasons for amendment of claims during patent prosecution necessarily depend on the facts and circumstances of the particular case.") More importantly, however, we think the district court was premature in viewing the claim limitation "heat" as insignificant (i.e., as not estopping Bard from seeking to expand the scope of its patent protection to encompass any "shrink"-type wrap, be it "heat"-shrunk or otherwise), when the reason for inclusion of the "heat" limitation in the issued claims was subject to substantial question. We find that the file history excerpts and the affidavit of Mr. Hillman, without more, give rise to a genuine dispute as to the scope of prosecution history estoppel. That dispute was inappropriately resolved by summary judgment.
 
 
 4
 With regard to "Statement of Uncontroverted Fact" 24, we find that at least the district court's conclusion regarding substantial "way" equivalency was colored by its thinking that prosecution history estoppel could not be an operative concern. The district court's perspective on whether the "way" in which the accused seal operates is substantially equivalent to the "way" in which the claimed connecting means operates could well change, depending upon the scope of prosecution history estoppel and other facts to be determined at trial. Accordingly, summary judgment was not appropriate.
 
 
 5
 In "Statement of Uncontroverted Fact" 21, the district court found that the accused seal materials and Bard's heat-shrink material were "well recognized in the trade as interchangeable equivalents for use as tamper-evident seals." (Emphasis ours.) To the extent that the district court equated or intertwined "interchangeability" with Graver Tank equivalency, it erred. Although "interchangeability" to those skilled in the art is one factor to be considered in a doctrine of equivalents analysis, Graver Tank, 339 U.S. at 609, 85 USPQ at 331, "an interchangeable device is not necessarily an equivalent device." Key Mfg. Group, Inc. v. Microdot, Inc., 925 F.2d 1444, 1449, 17 USPQ2d 1806, 1810 (Fed.Cir.1991) (to support finding of infringement under doctrine of equivalents, trial judge erroneously relied on interchangeability of patented and accused capped wheel nuts).
 
 
 6
 As to validity, we are not persuaded that the grant of summary judgment was inappropriate. Newell Cos. v. Kenney Mfg. Co., 864 F.2d 757, 762, 9 USPQ2d 1417, 1421 (Fed.Cir.1988) ("trial court's conclusion on obviousness is subject to full and independent review by this court"), cert. denied, --- U.S. ----, 110 S.Ct. 62 (1989). Viewing the '509 patent's history of prior adjudications and reexamination as well as Kendall's prior art and related arguments in a light most favorable to the nonmovant, we conclude that the claims are not invalid.
 
 COSTS
 
 7
 No costs.
 
 
 8
 MAYER, Circuit Judge, concurring in-part and dissenting in-part.
 
 
 9
 I concur in the judgment to the extent it confirms the district court's conclusion on validity. Because there is no dispute over any material fact precluding summary judgment on infringement, however, I dissent from the judgment to the extent it holds to the contrary.
 
 
 10
 The district court did not misapprehend the heat shrinkable claim limitation or its impact on the way the invention functions, as its findings of fact 3, 6, 10, 13-16 and 20-26 amply demonstrate. Though each element in the claimed invention or its substantial equivalent must be present in the accused device for infringement, the trial court understood that the claimed elements must be measured in the context of the invention as a whole to determine substantial equivalence. See Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1240, 9 USPQ2d 1913, 1923 (Fed.Cir.1989).
 
 
 11
 With this principle in mind, none of Kendall's alleged factual issues are material to the way the invention functions to achieve its intended result, so the district court's doctrine of equivalents analysis did not rely on disputed facts. Kendall's products perform substantially the same functions as the patented invention because they seal the juncture against contamination and provide evidence of tampering regardless of whether the wrap shrinks by evaporation or by heat. By shrinking brightly colored material tightly around the juncture, they perform these functions substantially the same way as the patented invention. Both achieve substantially the same results, and even if Kendall's products do not perform as well in all conditions, inefficient infringement is infringement still. See Laitram Corp. v. Cambridge Wire Cloth Co., 863 F.2d 855, 859, 9 USPQ2d 1289, 1294 (Fed.Cir.1988). This is the fourth remand of this case to the district court, and I suspect that court will be as perplexed as I am about what facts material to infringement yet need to be found.
 
 
 
 [1]
 Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 85 USPQ 328 (1950)